UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCHELLOR HACKNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV2017 CAS(LMB) |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Marchellor Hackney for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

Respondent has filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted. (Doc. No. 13). Petitioner has filed a Traverse. (Doc. No. 18).

### Procedural History

Petitioner is presently incarcerated at Southeast Correctional Center in Charleston, Missouri, pursuant to the judgment and sentence of the Circuit Court of St. Louis City, Missouri. See Resp't Ex. D at 44-46. On February 26, 2001, petitioner pled guilty to murder in the second degree, armed criminal action, burglary in the second degree, and possession of a controlled substance. See id. He was sentenced to a total of thirty years imprisonment. See id.

On July 30, 2001, petitioner filed a pro se motion to vacate, set aside, or correct the

judgment of the Circuit Court of St. Charles County, Missouri, pursuant to Missouri Supreme Court Rule 24.035. See id. at 49-54. On July 8, 2002, after appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. See id. at 67-43. Petitioner argued that he received ineffective assistance of counsel for the following reasons: (1) counsel failed to adequately meet with him and discuss his cases and any possible defenses and keep petitioner informed; (2) counsel failed to acknowledge, investigate and bring to the court's attention petitioner's serious mental deficiency before entry of the guilty plea; (3) counsel misled and coerced him into pleading guilty by failing to advise him of the direct consequences of his plea, promised a term of imprisonment he could not guarantee and coerced him into pleading guilty; and (4) counsel failed to adequately investigate his case. See id. An evidentiary hearing was held on petitioner's motion on June 27, 2005, July 1, 2005, and July 8, 2005. See Resp't Exs. A, B, C. On August 26, 2005, the motion court denied petitioner's motion for post-conviction relief in all respects. See Resp't Ex. D at 109-29. Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 129.

In his single point on appeal from the denial of post-conviction relief, petitioner argued that the motion court erred in denying his motion because he received ineffective assistance of counsel in that counsel failed to investigate witnesses that would have provided a defense for him, and he would not have pleaded guilty but for this failure, thereby rendering his guilty pleas involuntary. See Resp't Ex. E. On June 12, 2007, the Missouri Court of Appeals for the Eastern District affirmed the judgment of the motion court. See Resp't Ex. G.

On December 5, 2007, petitioner, pro se, filed the instant petition for a writ of habeas

2

corpus, raising the following ineffective assistance of counsel claims: (1) counsel failed to advise petitioner of all issues surrounding the guilty plea; (2) counsel failed to advise the plea court of petitioner's "mental deficiency" and low IQ; (3) counsel coerced petitioner into pleading guilty by telling him that he would not receive more than fifteen years imprisonment and that if he did not take the plea he would never see his family again; and (4) counsel failed to adequately investigate the cases against petitioner. (Doc. No. 1). On April 10, 2008, respondent filed a Response to Order to Show Cause, in which respondent argues that petitioner's first three claims are procedurally defaulted and all of his claims fail on their merits. (Doc. No. 13). On May 27, 2008, petitioner filed a Traverse, in which he provided further argument in support of his fourth ground for relief. (Doc. No. 18).

**I.     Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct.

1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413, 120 S.Ct. 1523. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S.Ct. 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S.Ct. 522.

**II.     Procedural Default**

Respondent contends that petitioner has procedurally defaulted his first three grounds for relief. It is well-established that the procedural default rule requires a habeas petitioner to pursue all available avenues of relief in the state courts before the federal courts can consider the claim. See 28 U.S.C. § 2254(b); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). In addressing this issue, a federal court must give deference to state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). By virtue of these considerations, "[a] federal court can consider the merits of a habeas corpus petition only

4

when the prisoner has 'fairly presented to the state courts the substance of his [or her] federal habeas corpus claim.'" Id. (quoting Martin v. Solem, 801 F.2d 324, 333 (8th Cir. 1986) (internal citations omitted). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)), cert. denied, 513 U.S. 983, 115 S. Ct. 462, 130 L.Ed.2d 370 (1994).

In this case, although petitioner raised grounds one, two, and three in his post-conviction relief motion, he failed to raise these claims in his appeal from the denial of post-conviction relief. As such, petitioner's grounds for relief are procedurally barred in federal court.

In cases of procedural default, federal courts are barred from reaching the merits of the defaulted ground absent a showing of both 'cause' and 'actual prejudice' resulting from the alleged constitutional violations. See Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506-2507, 53 L.Ed.2d 594 (1977). A petitioner must "show that some objective factor external to the defense impeded counsel [or petitioner's] efforts to comply with the State's procedural rule" in order to show "cause" for procedural default. Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). "Cause" can be demonstrated by either "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or by a showing that interference by officials made compliance impracticable. Id. If a petitioner cannot show 'cause' for the procedural default, then the court need not determine whether actual prejudice has resulted. See Leggins v. Lockhart, 822 F.2d 764, 768 (8th Cir. 1987). In the present case, petitioner alleges no cause for his failure to raise his claims before the state court.

5

A federal habeas corpus court may also reach the merits of procedurally defaulted claims where the petitioner can demonstrate that a "miscarriage of justice" exception applies. See Murray, 477 U.S. at 496, 106 S. Ct. 2649. This narrow exception is limited to extraordinary circumstances where actual innocence can be demonstrated. See id. The petitioner must show that a constitutional violation "probably resulted" in the conviction of an innocent person. See Schlup v. Delo, 513 U.S. 298, 326-29, 115 S. Ct. 851, 867-68, 130 L. E.2d 808 (1995). However, a "bare, conclusory assertion" that a petitioner is actually innocent is insufficient to excuse a procedural default. Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997).

Petitioner does not claim that he is actually innocent. Thus, petitioner has procedurally defaulted grounds one, two, and three.

### III. Petitioner's Claims

As previously stated, petitioner raises four grounds for relief. Petitioner has procedurally defaulted grounds one, two, and three. Petitioner's claims fail on their merits as well.

#### 1. Ground One

In his first ground for relief, petitioner argues that counsel failed to advise petitioner of all issues surrounding the guilty plea. Petitioner claims that counsel told him not to worry because he would take care of everything.

Petitioner raised this claim in his post-conviction relief motion. The motion court rejected this claim, finding counsel's testimony that he met with petitioner multiple times and discussed the police report and trial strategy to be credible and petitioner's testimony not credible. See Resp't Ex. D at 122.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. 2068. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693, 104 S. Ct. 2067. Further, Counsel's decision not to interview or call a particular witness is evaluated from the perspective of counsel at the time the decision was made. Parker v. Bowersox, 94 F.3d 458, 461 (8th Cir. 1996). The question is whether trial counsel's performance, when viewed in this light, fell "outside the wide range of professionally reasonable performance." Id. (citing Strickland, 406 U.S. at 687, 104 S. Ct. 2064).

In this case, counsel Terrence Niehoff testified at the evidentiary hearing that he met with petitioner approximately twelve times, discussed trial strategy and possible defenses, went over the police reports with petitioner, and explained the plea bargain to petitioner. See Resp't Ex. B at 3-4, 9, 7-8. The motion court cited Strickland and rejected petitioner's claim, finding counsel's testimony to be credible. The decision of the state court is not contrary to or an unreasonable

7

application of clearly established federal law.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

**2.　Ground Two**

In his second ground for relief, petitioner argues that counsel failed to advise the plea court of petitioner's "mental deficiency" and low IQ.

Petitioner raised this claim in his post-conviction relief motion. The motion court noted that counsel testified that, although he was aware that petitioner had a lower IQ, he did not believe it affected his competency, and that he believed petitioner understood what they discussed based on his responses. See Resp't Ex. D at 123. The motion court held that petitioner did not present any credible evidence of a serious mental deficiency such that he was not able to understand the proceedings. Id. The court further noted that petitioner testified at the plea hearing that he did not suffer from any mental defect, illness or disease or have a health problem that kept him from understanding the proceeding and that petitioner appeared competent at the evidentiary hearing. Id.

The decision of the state court is not contrary to or an unreasonable application of clearly established federal law. Petitioner has failed to introduce any evidence that his low IQ prevented him from understanding the proceedings. As such, counsel was not constitutionally ineffective in failing to advise the court of petitioner's low IQ.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

**3.     Ground Three**

In his third ground for relief, petitioner argues that counsel coerced petitioner into pleading guilty by telling him that he would not receive more than fifteen years imprisonment and that if he did not take the plea he would never see his family again.

First, the record itself refutes petitioner's claim of involuntariness of his pleas due to ineffective assistance of counsel. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the [petitioner's] representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)). A state court's factual findings regarding the plea are presumed to be correct so long as they are fairly supported by the record. See Bivens v. Groose, 28 F.3d 62, 63 (8th Cir. 1994).

At the guilty plea hearing, the court carefully questioned petitioner to ensure that his pleas were taken voluntarily. Petitioner was questioned as follows about the voluntariness of his plea:

> [THE COURT]: Mr. Hackney, other than this plea agreement, have any promises or threats been made to you in order to get you to plead guilty?
>
> [PETITIONER]: No, sir, your Honor.
>
> [THE COURT]: Do you enter this plea voluntarily and with an understanding of all of the consequences?
>
> [PETITIONER]: Yes, sir.

Resp't Ex. D at 16-17. The prosecutor then stated that the State's recommendation would be life imprisonment on the murder and armed criminal action counts. Id. at 17. Petitioner did not object to the prosecutor's recommendation.

The motion court cited petitioner's testimony at the plea hearing regarding the voluntariness of his plea. See id. at 125-26. The court also noted that counsel testified at the evidentiary hearing that he explained to petitioner that he would receive a sentence of life imprisonment without parole if he were tried on the first degree murder count based on his co-defendant's agreement to testify against him, and explained the plea bargain to be that the murder charge would be reduced to second degree murder and the State would recommend thirty years but that a pre-sentence investigation would be done and petitioner could ask for a lesser sentence. See id. The court found that there was no credible evidence that counsel promised petitioner he would receive a ten to fifteen year sentence or that petitioner was misled or coerced into pleading guilty. Id.

The decision of the state court is not contrary to, or an unreasonable application of clearly established federal law. As the Court noted, petitioner's claim is refuted by the record. Petitioner's testimony at the plea hearing along with counsel's testimony at the evidentiary hearing reveal that petitioner was not promised that he would receive a ten to fifteen-year sentence. As such, plea counsel did not provide ineffective assistance of counsel in coercing petitioner into pleading guilty.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

**4. Ground Four**

In his fourth ground for relief, petitioner argues that counsel failed to adequately investigate the cases against petitioner. Specifically, petitioner contends that counsel failed to investigate witnesses who would have provided an alibi defense for him.

Petitioner raised this claim in his post-conviction relief motion and on appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows with regard to petitioner's claim:

> The motion court found [petitioner] not credible, while finding plea counsel credible. At the plea hearing, plea counsel stated that there were witnesses that he could have called if they proceeded with a defense. He stated that these people matched the names that [petitioner] gave to him at the plea hearing when they discussed potential witnesses. [Petitioner] told the plea court that he still wished to plead guilty after discussing these witnesses with plea counsel. [Petitioner] also averred to the plea court that he was satisfied with the overall services of plea counsel, and still wished to plead guilty after discussing possible defenses with plea counsel. The motion court may properly consider a movant's factual representations during a Rule 29.07(b)(4) inquiry in considering subsequent testimony to the contrary. State v. Driver, 912 S.W.2d 52, 55 (Mo. banc 1995). A movant's expressions of satisfaction with counsel at the Rule 29.07(b)(4) inquiry are relevant to determining whether counsel acted contrary to a movant's direction. Id.

Resp't Ex. G at 13-14.

The following colloquy occurred at the plea hearing:

[THE COURT]: [Petitioner], you talked to your attorney about this case. You and your attorney had discussions about this case?

[PETITIONER]: Yes, sir, your Honor.

[THE COURT]: Did you talk about whether or not you had any witnesses that could help you if you decided to take this case to trial?

[PETITIONER]: No, sir, your Honor.

[THE COURT]: No, sir, you didn't have any witnesses or, no, you didn't have that conversation?

[PETITIONER]: I didn't have that conversation, your Honor.

[THE COURT]: Okay. Well, you may want to talk with your attorney.

(There was an off-the-record discussion).

[THE COURT]: Now, did you have a discussion with your attorney about whether or not

11

there were any witnesses that could help you if you took this case to trial? Do you know whether there are any witnesses that could help you if you took this case to trial?

[PETITIONER]: Yes, sir, your Honor.

[THE COURT]: Okay. Yes, sir, there are witnesses or, yes, you know whether or not there are witnesses.

[PETITIONER]: Yes, sir, there are witnesses.

[THE COURT]: And you talked to your attorney about those witnesses?

[PETITIONER]: No, sir, your Honor.

[THE COURT]: Okay. Why don't you talk to your attorney about the witnesses that could help you.

(There was an off-the-record discussion).

[PLEA COUNSEL]: Your Honor, just for the record, I am aware of some witnesses that I could have called, okay, that didn't necessarily come from [petitioner], but we had certain discussions, and I had discussions of other people about other matters. So while he didn't give me specific names of specific individuals, I am aware of specific individuals that could have been called if we elected to go with that theory of defense.

[THE COURT]: Are these the same names that he just gave you?

[PLEA COUNSEL]: Yes.

[THE COURT]: Which case are we talking about?

[PLEA COUNSEL]: We are talking mainly about the murder case.

[PETITIONER]: Yes, sir, your Honor.

[THE COURT]: The names that you've given him, the names of those witnesses, and after the discussion with your attorney, do you still wish to plead guilty?

[PETITIONER]: (No response).

[THE COURT]: It's up to you. You make that decision as to whether or not you wish to plead guilty, and you have a choice. Either you plead guilty or we go to trial. That's up to you. That's your choice.

>    (There was an off-the-record discussion).
>
> [THE COURT]: Now, you've again had discussions with your attorney. Do you still wish to plead guilty?
>
> [PETITIONER]: Yes, sir, your Honor.
>
> [THE COURT]: Did you talk to your attorney about whether or not you had any defense to this case or these cases? Did you have that discussion with your attorney?
>
> [PETITIONER]: Yes, sir, your Honor.
>
> [THE COURT]: Are you satisfied with the overall services of your attorney?
>
> [PETITIONER]: Yes, sir, your Honor.
>
> [THE COURT]: Did your attorney do everything you asked him to do?
>
> [PETITIONER]: Yes, sir your Honor.
>
> [THE COURT]: Do you have any questions you would like to ask me or your attorney?
>
> [PETITIONER]: No, sir your Honor.
>
> [THE COURT]: Do you still wish to plead guilty?
>
> [PETITIONER]: Yes, sir, your Honor.
>
> [THE COURT]: Have you told the truth throughout these proceedings?
>
> [PETITIONER]: Yes, sir, your Honor.

Resp't Ex. D at 19-22.

The decision of the Missouri Court of Appeals is not contrary to or an unreasonable application of clearly established federal law. Petitioner's testimony at the plea hearing reveals that petitioner discussed potential defense witnesses with his attorney and determined that he still wished to plead guilty. Petitioner has failed to demonstrate that counsel was ineffective in failing to investigate his cases.

13

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be denied.

**III.     Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Marchellor Hackney for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 24th day of September, 2010.

/s/ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE